# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0514, <u>State of New Hampshire v. Aniano Mendez-Torres</u>, the court on April 6, 2015, issued the following order:**

Having considered the brief, memorandum of law and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Aniano Mendez-Torres, appeals his conviction for driving after revocation or suspension. <u>See</u> RSA 263:64 (2014). He argues that the State failed to prove that the vehicle that he was riding when he was stopped was a "motor vehicle" within the meaning of RSA 259:60.

We briefly set forth the evidence in the record. Nashua Police Officer Trombley testified that he observed the defendant operating a moped at approximately 1:00 a.m. on February 2, 2014, on Main Street in Nashua. Trombley knew from his contact with the defendant earlier on the same evening that his license was suspended. Trombley described the vehicle that the defendant was operating as a "green 1978 moped with a New Hampshire [moped] plate of 1727C." He also described it as having two wheels, a seat, proper lighting equipment and a motor. When cross-examined, he did not recall whether it had pedals or a central footrest. Upon redirect examination, he testified that it was a validly registered moped in the State of New Hampshire with a moped license plate.

At the close of evidence, the defendant moved to dismiss the charges on sufficiency grounds. His arguments included that the State had failed to prove that he was "riding a motor vehicle" when he was stopped. His motions were denied and he was convicted.

On appeal, the defendant renews his argument that the State failed to prove that "the vehicle [he] rode was a motor vehicle." To prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Belleville</u>, 166 N.H. 58, 61 (2014).

RSA 263:64, I (2014) provides in relevant part: "No person shall drive a motor vehicle in this state while the person's driver's license or privilege is suspended or revoked." RSA 259:60, I (2014) defines "motor vehicle" in relevant part as "any self-propelled vehicle not operated exclusively on stationary tracks, including ski area vehicles."

The defendant contends that we must engage in statutory interpretation and also determine whether the record supports a finding that the vehicle he rode was capable of self-propulsion to resolve the issue that he raises. We disagree. To prevail in this appeal, the defendant must satisfy his burden, that is, he must demonstrate that no rational trier of fact could have found guilt beyond a reasonable doubt. Given the record before us, including Officer Trombley's description of the vehicle as a "moped," and his statement that it bore a New Hampshire moped license plate, we conclude that the defendant has not met his burden. See RSA 259:57 (2014) (defining "moped" in part as a "motor-driven cycle whose speed attainable in one mile is 30 miles per hour or less"); RSA 261:40 (2014) (establishing violation level offense when motor vehicle, that is not specifically exempt by statute or rule from registration requirement, is driven on ways of state); RSA 263:33 (2014) (establishing requirement that operator hold valid driver's license, motorcycle license or moped license to drive moped on any way in state).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, J.J. concurred.


**Eileen Fox,
Clerk**

2